UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **09-CV-21566-Gold-McAliley**

DAVON L. OUTTEN,

    Plaintiff,

v.

AMERICAN CORADIUS INTERNATIONAL, LLC,

    Defendant.

_____/

```
FILED by _____ VT _____ D.C.
ELECTRONIC

June 9, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI
```

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3.    Plaintiff, DAVON L. OUTTEN, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.     Defendant, AMERICAN CORADIUS INTERNATIONAL, LLC, is a limited-liability company and citizen of the State of New York with its principal place of business at Suite 150, 2420 Sweet Home Road, Amherst, New York 14228.

5.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.     Defendant  regularly collects or attempts to collect debts for other parties.

7.     Defendant is a "debt collector" as defined in the FDCPA.

8.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

April 16, 22, May 7, 2008
This is an important message for Davon Outten. This call is from ACI. The law requires that we notify you that we are a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call ACI back today at 888-400-7740 and quote reference number 2546745. Thank you.

April 23, 2008

2

This confidential and important message is meant solely for Davon Outten. The law requires I notify you that I am calling from ACI, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me back today at 888-400-7740. Once again the number is 888-400-7740. When calling back refer to ID code 2.

June 6, 2008
Hi. This is a very important message for Davon. Davon, this is in your favor to call me back when you receive this message. I have been trying to get a hold of you in regards to your file that is on my desk. It would be in your interest to call me back so I can help you resolve this matter as soon as possible. It is in a timely fashion that I speak with you. I am here today until 4 PM Eastern Standard time. 888-400-7740, extension 2230. File number 2546745. Again, this is Jill from ACI and Davon this is in your favor for me to assist you in your matter. Please call me to resolve this. Thank you.

June 10, 2008
Hi, Davon. This is Jill calling from ACI. Sir, I need you to call me back as soon as you receive this message. It is in your best interest to call me before 9:30 PM Eastern Standard time. I have a very important message I do need to relate to you. My number here once again is 888-400-7740 and my extension, Davon, is 2230. Thank you.

11.    Based upon information and belief, Defendant left similar or identical

messages on other occasions within one-year of the filing of this complaint.

(Collectively, "the telephone messages").

12.    The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

3

13.     Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

14.     Based upon information and belief, Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

15.     Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

16.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

17.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

18.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

19.     Plaintiff incorporates Paragraphs 1 through 18.

4

20.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

21.    Plaintiff incorporates Paragraphs 1 through 18.

22.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

5

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

### COUNT III
### ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23.    Plaintiff incorporates Paragraphs 1 through 18.

24.    Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing its name, that it is a debt collector and the purpose of its communications, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

25.    Plaintiff incorporates Paragraphs 1 through 18.

26.    By failing to disclose its name, that it is a debt collector and the purpose of its communication, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

27.    Plaintiff incorporates Paragraphs 1 through 18.

28.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

7

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages; and

      b.     Such other or further relief as the Court deems proper.

**COUNT VI**
**DECLARATORY AND INJUNCTIVE RELIEF**

29.     Plaintiff incorporates Paragraphs 1 through 18.

30.     Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendants practices are in violation of the TCPA.

31.     Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant from placing non-emergency telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system or pre-recorded or artificial voice without that person's prior express consent.

WHEREFORE, Plaintiff requests that the Court enter judgment:

      a.     declaring that Defendants practices violate the TCPA;

      b.     permanently injoining Defendants from engaging in the violative practices; and

      c.     Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

8

Dated this ___9___ day of June, 2009.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By:_____
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658

9

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DAVON L. OUTTEN | AMERICAN CORADIUS INTERNATIONAL, LLC |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) MIAMI-DADE | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842 FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000 | ATTORNEYS (IF KNOWN) 1'09CV 21566- Gold.McAliley |
|---|---|

(d)   CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa.   1-2 days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

## NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 362 Pers. Injury-Med Malpractice | | | |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 365 Personal Injury-Prod. Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 340 Marine | ☐ 370 Other Fraud | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholder's Suits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **A REAL PROPERTY** | ☐ 360 Other Personal Injury | **A LABOR** | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | **A CIVIL RIGHTS** | ☐ 710 Fair Labor Standards Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure B | ☐ 441 Voting | ☐ 720 Labor Management Relations B | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 530 General* | ☐ 740 Railway Labor Act | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☒ 890 Other Statutory Actions* *A or B |
| | | ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | |
| | | ☐ 550 Civil Rights *A or B | | |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding
☐ 2 Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Refiled
☐ 5. Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7. Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION No ☐ UNDER F.R.C.P.23 | DEMAND $ N/A | Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY   (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: June ___, 2009   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY: Receipt No. 546521   Amount: 350.00
Date Paid: _____   M/ifp: _____